# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JANICE RUFFIN *et al.*,

   Plaintiffs,

   v.

NEW DESTINATION, LLC *et al.*,

   Defendants.

Civil Action No. 09–871 (CKK)

## MEMORANDUM OPINION
(March 29, 2011)

Plaintiffs Janice Ruffin and Rev. Keith Young (collectively, "Plaintiffs") bring this action against Defendants New Destination, LLC and India Lyles (collectively, "Defendants") seeking to recover wages they claim they are owed for hours worked as employees of Defendant New Destination, LLC. Plaintiffs assert a claim for breach of contract and causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1308. Presently pending before the Court is Plaintiffs' [28] Motion for Summary Judgment, in response to which Defendants have filed an opposition, and Plaintiffs have filed a reply. For the reasons explained below, the Court shall grant-in-part and deny-in-part Plaintiffs' motion for summary judgment.

## I. BACKGROUND

The following facts are drawn from Plaintiffs' Statement of Undisputed Material Facts.[1]

---

[1] The Court strictly adheres to the text of Local Civil Rule 7(h) (formerly Rule 56.1) when resolving motions for summary judgment. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002) (finding that district courts must invoke the local rule before applying it to the case). The Court has advised the parties that it strictly adheres to Rule 7(h) and has stated that it "assumes facts identified by the moving party in its statement of material facts are admitted, unless such a

Plaintiff Janice Ruffin ("Ruffin") is a social worker with a license in counseling issued by the District of Columbia. Pls.' Stmt. ¶ 1. Since earning a masters degree in social work, Ruffin has worked with adults and juveniles in Washington, D.C., many of whom have a history of substance abuse. *Id.* Rev. Keith Young ("Young") is an "Elder" in the Apostolic Christian Church and is currently the Pastor of Sovereign Ministries of the Apostolic Faith in Washington, D.C. *Id.* ¶ 2. Young earned a Ph.D. in pastoral counseling in 2000 and provides pastoral counseling to his members and works as a spiritual counselor. *Id.*

Defendant New Destination, LLC ("New Destination") is a professional corporation that provided individual and group counseling for addiction recovery. Pls.' Stmt. ¶ 3. Defendant India Lyles ("Lyles") is the Executive Director and owner of New Destination. *Id.* ¶ 4; Answer ¶ 6. On May 8, 2008, New Destination entered into a Health Care Provider Agreement with the D.C. Department of Health Addiction Prevention and Recovery Administration to provide health care services as part of a drug treatment program. Pl.'s Stmt. ¶ 7; Pl.'s Ex. 5 ("Human Care Provider Agreement"). Lyles signed the contract as "CEO" of New Destination. Pl.'s Stmt. ¶ 8. The contract became effective on May 21, 2008. *Id.* ¶ 9.

On February 18, 2008, Ruffin signed a contract with New Destination to work as a counselor. Pls.' Stmt. ¶ 3. New Destination agreed to pay Ruffin $50 per hour for individual counseling and $65 per hour for group counseling. *Id.* ¶ 6. Young signed a contract to work for New Destination as a "Faith Based Minister" on April 10, 2008. *Id.* ¶¶ 5-6. New Destination

fact is controverted in the statement of genuine issues filed in opposition to the motion." [27] Order at 2 (Jan. 28, 2010). Thus, in most instances the Court shall cite only to one party's Statement of Material Facts ("Stmt.") unless a statement is contradicted by the opposing party, in which case the Court may cite a party's Response to the Statement of Material Facts ("Resp. Stmt."). The Court shall also cite directly to evidence in the record, where appropriate.

agreed to pay Young $17 per hour. *Id.* ¶ 6. Soon after being hired, Ruffin and Young recruited clients for New Destination from missions, jails, and throughout the District of Columbia. *Id.* ¶ 11.

Ruffin counseled her first client at New Destination on May 21, 2008. Pl.'s Stmt. ¶ 12. Ruffin provided both group counseling and individual counseling for addiction recovery and prevention for her clients at New Destination. *Id.* ¶ 14. Ruffin submitted time sheets known as "NDBHS Tickets" to Lyles listing the date and hours worked and the names of the clients she counseled. *See id.*; Pl.'s Ex. 6 (NDBHS Tickets). Ruffin worked hundreds of hours for New Destination between May and October 2008 and claims that she is owed $15,675.25 in back pay. *See* Pl.'s Ex. 4 (Decl. of Janice Ruffin) ¶ 9. Ruffin's only payment from New Destination came in the form of a $1000 check issued on October 9, 2008. *Id.* ¶ 10. Ruffin claims that Lyles was responsible for providing information about her counseling sessions to the D.C. Department of Health. *Id.* ¶ 13. Defendants do not dispute that Lyles told New Destination employees that she was "solely responsible for billing." Pl.'s Stmt. ¶ 11.

Young also worked hundreds of hours between April and December 2008 counseling clients for New Destination, and he submitted "NDBHS Tickets" to Lyles describing the services performed. *See* Pl.'s Ex. 3 (Decl. of Rev. Keith Young) ¶¶ 5, 7; Pl.'s Exs. 8A, 8B, 8C, 8D (NDBHS Tickets). Young was only paid twice, once with a $1000 check on October 8, 2008, and a second time with a $1500 check on October 31, 2008. Pl.'s Ex. 3 (Decl. of Rev. Keith Young) ¶ 8. The $1500 check bounced, and Lyles subsequently paid Young $1000 in cash. *Id.* Young claims that he is owed $11,500 in back pay. *Id.* ¶ 9.

3

## II.  LEGAL STANDARD

Plaintiffs have moved for summary judgment on all of their claims pursuant to Federal Rule of Civil Procedure 56.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials); or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).  When considering a motion for summary judgment, the court may not make credibility determinations or weigh the evidence; the evidence must be analyzed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available."  *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (citation omitted).

The mere existence of a factual dispute, by itself, is insufficient to bar summary judgment.  *See Liberty Lobby, Inc.*, 477 U.S. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment." *Id.* For a dispute about a material fact to be "genuine," there must be sufficient admissible evidence that a reasonable trier of fact could find for the nonmoving party. *Id.* The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). The adverse party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute. *See Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

### III. DISCUSSION

Plaintiffs' claims in this case are very simple—they are seeking payment for counseling services they performed for New Destination. In their Complaint, Plaintiffs assert three causes of action for their unpaid wages. First, they claim that New Destination violated the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.*, by failing to pay them wages under their employment contract. *See* Compl. ¶¶ 12-14. Second, Plaintiffs claim that New Destination is liable for breach of contract. *See id.* ¶¶ 15-18. Third, Plaintiffs claim that the failure to pay their wages constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* In support of these claims, Plaintiffs have produced evidence, including declarations and time sheets, indicating that they performed services for New Destination and have not received payment for those services.

In their opposition to Plaintiffs' motion for summary judgment, Defendants argue that

whether Plaintiffs have worked without compensation is a disputed factual issue that must be determined by the jury. However, Defendants have not produced any evidence demonstrating that there is a genuine dispute as to the amount of back pay owed to the Plaintiffs. "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (2010)[2]; *see also Liberty Lobby, Inc.*, 477 U.S. at 249 ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."). Defendants could have provided a declaration contradicting Plaintiffs' account of their work for New Destination or pointed to other evidence demonstrating that Plaintiffs were fairly compensated for their services. However, they did not do so, and based on the record Plaintiffs have produced in support of their motion for summary judgment, no reasonable jury could conclude by a preponderance of the evidence that Plaintiffs have been compensated for their services. Therefore, the Court finds that there is no genuine dispute that Ruffin and Young were not paid for counseling services they performed for New Destination worth $15,675.25 and $11,500, respectively.

Whether Plaintiffs are entitled to summary judgment on their claims depends on whether

---

[2] The above-quoted language was in effect at the time the parties filed their briefs on Plaintiffs' motion for summary judgment, but Rule 56 was amended effective December 1, 2010 and no longer includes the above-quoted language. Pursuant to the amended Rule 56, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Defendants' mere assertion in their opposition that facts are disputed fails to satisfy their burden under either formulation of the rule.

the undisputed facts establish that they are entitled to judgment as a matter of law. Accordingly, the Court shall evaluate the elements of each of Plaintiffs' claims.

      A.      *Claims Under the D.C. Wage Payment and Collection Law and the Fair Labor Standards Act*

Plaintiffs' first cause of action is for violation of the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* The D.C. Wage Payment and Collection Law provides, *inter alia*, that "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer . . . ." D.C. Code § 32-1302. The law defines an employee as "any person suffered or permitted to work by an employer except any person employed in a bona fide executive, administrative, or professional capacity (as such terms are defined and delimited by regulations promulgated by the Council of the District of Columbia)." *Id.* § 32-1301(2). The D.C. Municipal Regulations provide a five-prong test for determining whether a person is employed in a bona fide professional capacity. *See* D.C. Mun. Reg. tit. 7, § 999.1. Plaintiffs are both highly educated professionals who may fall under this exception.

In their motion for summary judgment, Plaintiffs do not address the elements required to establish a claim under the D.C. Wage Payment and Collection Law and do not address whether they qualify as employees under the statute and its accompanying regulations. In this respect, Plaintiff's motion is wholly inadequate, and the Court is unable to determine whether or not they are entitled to judgment as a matter of law as to Count One. Therefore, the Court shall deny Plaintiffs' motion for summary judgment without prejudice with respect to this claim.

Plaintiffs' third cause of action is for violation of the Fair Labor Standards Act. Although Plaintiffs do not specifically identify which provision of the FLSA they claim to have been violated, the FLSA provides a cause of action for employees to sue their employers for unpaid minimum wages or overtime compensation. *See* 29 U.S.C. § 216(b). The FLSA broadly defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Like the D.C. Wage Payment and Collection Law, the FLSA contains an exemption for employees employed in a bona fide professional capacity. *See* 29 U.S.C. § 213(a)(1). Furthermore, to determine whether an individual is an employee covered by the statute as opposed to an independent contractor, courts must consider a series of factors involving the plaintiff's relationship to the employer. *See Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10-11 (D.C. Cir. 2001). As with their claim under the D.C. Wage Payment and Collection Law, Plaintiffs do not discuss the elements of their FLSA claim in their motion for summary judgment or provide the legal analysis necessary for the Court to determine that they are entitled to judgment as a matter of law. Therefore, the Court shall deny Plaintiffs's motion for summary judgment without prejudice as to this claim.

    B.    *Breach of Contract*

Plaintiffs' second cause of action is for breach of contract. "To prevail on a claim of breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Here, the undisputed facts establish that Plaintiffs had valid contracts with New Destination to perform services at an hourly rate of compensation, that Plaintiffs performed services under those

contracts, and that Plaintiffs suffered damages when New Destination failed to pay them. Therefore, Plaintiffs have established that they are entitled to judgment against New Destination on their breach of contract claims in the amount of $15,675.25 (Ruffin) and $11,500 (Young). The record indicates that Defendant Lyles is not a party to the contracts, and therefore Plaintiffs are not entitled to judgment against her individually. Accordingly, the Court shall grant Plaintiffs' motion for summary judgment with respect their claim for breach of contract against New Destination and deny their motion with respect to Lyles.

      C.      *Piercing the Corporate Veil*

In their motion for summary judgment, Plaintiffs argue that the Court should pierce the veil of New Destination and find Defendant India Lyles individually liable to Plaintiffs for New Destination's obligations. "The general rule is that a corporation is regarded as an entity separate and distinct from its shareholders," *Lawlor v. District of Columbia*, 758 A.2d 964, 975 (D.C. 2000), and this rule applies to LLCs, *see McWilliams Ballard, Inc. v. Broadway Mgmt. Co.*, 636 F. Supp. 2d 1, 7-9 (D.D.C. 2009). A party seeking to disregard the corporate entity must prove by affirmative evidence that there is unity of ownership and interest and use of the corporate form to perpetuate fraud or wrong. *Lawlor*, 758 A.2d at 975. "Although no single factor controls, courts generally inquire, *inter alia*, whether corporate formalities have been observed; whether there has been commingling of corporate and shareholder funds, staff and property; whether a single shareholder dominates the corporation; whether the corporation is adequately capitalized; and, especially, whether the corporate form has been used to effectuate a fraud." *Id.* "The inquiry ultimately turns on whether the corporation is, in reality, an *alter ego* or business conduit of the person in control." *Id.* (quotation marks and citation omitted).

Plaintiffs argue that the Court should pierce the veil because they claim that Lyles has acted in the name of New Destination and given false testimony and responses during discovery. Even accepting Plaintiffs' claims about Lyles's conduct, this evidence falls far short of the showing required to pierce the veil of New Destination. However, the Court need not conduct an extensive analysis of this issue because it is clear that Plaintiffs did not plead it in their Complaint. Federal Rule of Civil Procedure 8(a)(2) requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a)(2). Plaintiffs who seek to hold persons individually liable by piercing the corporate veil must plead facts that show that the defendant is the alter ego of the corporate entity. *See McWilliams Ballard*, 636 F. Supp. 2d at 9. The only allegations pertaining to Lyles in Plaintiffs' Complaint is that she is the Executive Manager and owner of New Destination. *See* Compl. ¶ 6. Therefore, Plaintiffs have not asserted a claim against Lyles based on alter ego liability, and the Court shall deny Plaintiffs' motion for summary judgment as to this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it is undisputed that Plaintiffs provided services for Defendant New Destination for which they were not compensated in accordance with their agreements. Accordingly, the Court finds that there is no genuine dispute of material fact and that Plaintiffs are entitled to judgment as a matter of law with respect to their claim for breach of contract against New Destination in Count Two. Because the record clearly shows that Defendant Lyles was not a party to Plaintiffs' agreements with New Destination, the Court shall dismiss Plaintiffs' breach of contract claims against Lyles. Furthermore, because Plaintiffs failed to discuss the elements of their claims under the D.C. Wage Payment and Collection Law and the

Fair Labor Standards Act, the Court shall deny their motion for summary judgment without prejudice as to these claims.  Plaintiffs may file a renewed motion for summary judgment addressing only these issues and present the Court with additional facts, if necessary, that demonstrate Plaintiffs are entitled to judgment as to these claims.  To the extent Plaintiffs present additional facts in their renewed motion, Defendants may respond appropriately, but the Court shall not permit Defendants to present new evidence to dispute the facts already presented by Plaintiffs which the Court has found to be undisputed for purposes of this motion.  An appropriate Order accompanies this Memorandum Opinion.


Date:   March 29, 2011

                                                                                /s/
                                                    COLLEEN KOLLAR-KOTELLY
                                                    United States District Judge