UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANICE RUFFIN *et al.*,

   Plaintiffs,

     v.

NEW DESTINATION, LLC *et al.*,

   Defendants.

Civil Action No. 09–871 (CKK)

**MEMORANDUM OPINION**
(August 8, 2011)

     Plaintiffs Janice Ruffin and Rev. Keith Young (collectively, "Plaintiffs") filed this action against Defendants New Destination, LLC and India Lyles (collectively, "Defendants") seeking to recover wages they claim they are owed for hours worked as employees of Defendant New Destination, LLC. Plaintiffs have asserted a claim for breach of contract and causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1308 ("DCWPCL"). On March 29, 2011, the Court granted-in-part and denied-in-part Plaintiffs' motion for summary judgment, entering judgment against Defendant New Destination, LLC on Plaintiffs' breach of contract claim. The Court dismissed Plaintiffs' breach of contract claim against Defendant Lyles because it was clear from the record that Lyles was not a party to those agreements. The Court also ruled that Plaintiffs had failed to state a claim against Defendant Lyles as the alter ego of Defendant New Destination, LLC. With respect to Plaintiffs' other claims, the Court denied Plaintiffs' motion for summary judgment without prejudice because Plaintiffs failed to adequately discuss the elements of those claims.

     Presently pending before the Court is Plaintiffs' [35] Renewed Motion for Summary

Judgment. Plaintiffs contend that they are entitled to judgment against Defendants on their FLSA and DCWPCL claims because the undisputed facts clearly show that they were not paid wages owed to them. For the reasons explained below, the Court agrees that Plaintiffs are entitled to judgment on their FLSA and DCWPCL claims. Accordingly, the Court shall GRANT Plaintiffs' renewed motion for summary judgment. Furthermore, because Defendants failed to file an opposition to Plaintiffs' renewed motion for summary judgment, the Court may alternatively grant the motion as conceded.

## I. BACKGROUND

The following facts are drawn primarily from Plaintiffs' Statement of Undisputed Material Facts ("Pls.' Stmt."), which was filed with Plaintiffs' initial motion for summary judgment.[1] Additional facts are drawn from Plaintiffs' Statement of Material Facts as to Which There Is No Genuine Issue ("Pls.' 2d Stmt."), which was filed with their renewed motion for summary judgment; the Court accepts these facts as undisputed because Defendants failed to file an opposition to Plaintiffs' renewed motion for summary judgment.

Plaintiff Janice Ruffin ("Ruffin") is a social worker with a license in counseling issued by the District of Columbia. Pls.' Stmt. ¶ 1. Since earning a masters degree in social work, Ruffin

---

[1] The Court strictly adheres to the text of Local Civil Rule 7(h) (formerly Rule 56.1) when resolving motions for summary judgment. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002) (finding that district courts must invoke the local rule before applying it to the case). The Court has advised the parties that it strictly adheres to Rule 7(h) and has stated that it "assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." [27] Order at 2 (Jan. 28, 2010). Thus, in most instances the Court shall cite only to one party's Statement of Material Facts ("Stmt.") unless a statement is contradicted by the opposing party, in which case the Court may cite a party's Response to the Statement of Material Facts ("Resp. Stmt."). The Court shall also cite directly to evidence in the record, where appropriate.

has worked with adults and juveniles in Washington, D.C., many of whom have a history of substance abuse. *Id.* Rev. Keith Young ("Young") is an "Elder" in the Apostolic Christian Church and is currently the Pastor of Sovereign Ministries of the Apostolic Faith in Washington, D.C. *Id.* ¶ 2. Young earned a Ph.D. in pastoral counseling in 2000 and provides pastoral counseling to his members and works as a spiritual counselor. *Id.*

Defendant New Destination, LLC ("New Destination") is a professional corporation that provided individual and group counseling for addiction recovery. Pls.' Stmt. ¶ 3. Defendant India Lyles ("Lyles") is the Executive Director and owner of New Destination. *Id.* ¶ 4; Answer ¶ 6. On May 8, 2008, New Destination entered into a Health Care Provider Agreement with the D.C. Department of Health Addiction Prevention and Recovery Administration to provide health care services as part of a drug treatment program. Pl.'s Stmt. ¶ 7; Pl.'s Ex. 5 ("Human Care Provider Agreement"). Lyles signed the contract as "CEO" of New Destination. Pl.'s Stmt. ¶ 8. The contract became effective on May 21, 2008. *Id.* ¶ 9. The Articles of Organization that New Destination filed with the D.C. government show state that Lyles has a "50% ownership as a member, with such capital accounts, management control, and percentage ownerships and rights to receive profits and losses as are set fourth [sic] in the Operating Agreement, Membership Certificates and such other written agreements between the members." Pls.' 2d Stmt. ¶ 6.

Both Young and Ruffin submitted "Application[s] for Employment" with Defendants in 2008. Pls.' 2d Stmt. ¶ 1. The application form asked for "employment desired" and stated at the top, "Pre-Employment Questionnaire Equal Opportunity Employer." *Id.* On February 18, 2008, Ruffin signed a contract with New Destination to work as a counselor. Pls.' Stmt. ¶ 3. New Destination agreed to pay Ruffin $50 per hour for individual counseling and $65 per hour for

group counseling. *Id.* ¶ 6. Young signed a contract to work for New Destination as a "Faith Based Minister" on April 10, 2008. *Id.* ¶¶ 5-6. New Destination agreed to pay Young $17 per hour. *Id.* ¶ 6. Soon after being hired, Ruffin and Young recruited clients for New Destination from missions, jails, and throughout the District of Columbia. *Id.* ¶ 11. The "Professional Services Agreement" that each plaintiff signed states that New Destination, as the "Client," can terminate the Agreement "for cause of non-performance." Pls.' 2d Stmt. ¶ 2. Under "Service Delivery," the Agreement states that "[t]he extent of your authority of the execution of the program will be determined by the Clinical Director." *Id.* ¶ 3. Under "Compensation and Operating Hours," the Agreement states that "[y]ou will be expected to work up to thirty (40) [sic] hours per week at the rate of $ per hour [sic]. . . . Any changes in your scheduled working hours shall be approved by the Clinical Director." *Id.* Lyles signed the Professional Services Agreement for both Ruffin and Young in her capacity as the Executive Director of New Destination. *Id.* ¶ 7.

Ruffin counseled her first client at New Destination on May 21, 2008. Pl.'s Stmt. ¶ 12. Ruffin provided both group counseling and individual counseling for addiction recovery and prevention for her clients at New Destination. *Id.* ¶ 14. Ruffin submitted time sheets known as "NDBHS Tickets" to Lyles listing the date and hours worked and the names of the clients she counseled. *See id.*; Pl.'s Ex. 6 (NDBHS Tickets). Ruffin worked hundreds of hours for New Destination between May and October 2008 and claims that she is owed $15,675.25 in back pay. *See* Pl.'s Ex. 4 (Decl. of Janice Ruffin) ¶ 9. Ruffin's only payment from New Destination came in the form of a $1000 check issued on October 9, 2008. *Id.* ¶ 10. Ruffin claims that Lyles was responsible for providing information about her counseling sessions to the D.C. Department of

4

Health. *Id.* ¶ 13. Defendants do not dispute that Lyles told New Destination employees that she was "solely responsible for billing." Pl.'s Stmt. ¶ 11. Lyles admitted that only she was responsible for sending documents to the D.C. Department of Health for reimbursement. Pls.' 2d Stmt. ¶ 8.

Young also worked hundreds of hours between April and December 2008 counseling clients for New Destination, and he submitted "NDBHS Tickets" to Lyles describing the services performed. *See* Pl.'s Ex. 3 (Decl. of Rev. Keith Young) ¶¶ 5, 7; Pl.'s Exs. 8A, 8B, 8C, 8D (NDBHS Tickets). Young was only paid twice, once with a $1000 check on October 8, 2008, and a second time with a $1500 check on October 31, 2008. Pl.'s Ex. 3 (Decl. of Rev. Keith Young) ¶ 8. The $1500 check bounced, and Lyles subsequently paid Young $1000 in cash. *Id.* Young claims that he is owed $11,500 in back pay. *Id.* ¶ 9.

## II. LEGAL STANDARD

Plaintiffs have moved for summary judgment on all of their claims pursuant to Federal Rule of Civil Procedure 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials); or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). When considering a motion for summary judgment, the court may not make credibility determinations or weigh the evidence; the evidence must be analyzed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (citation omitted).

The mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Liberty Lobby, Inc.*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* For a dispute about a material fact to be "genuine," there must be sufficient admissible evidence that a reasonable trier of fact could find for the nonmoving party. *Id.* The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). The adverse party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute. *See Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

### III. DISCUSSION

As the Court noted in its prior Memorandum Opinion, Plaintiffs' claims in this case are very simple—they are seeking payment for counseling services they performed for New Destination. The Court has already ruled that based on the undisputed facts on the record, Ruffin and Young were not paid for counseling services they performed for New Destination worth $15,675.25 and $11,500, respectively. The Court has entered judgment against New Destination on Plaintiffs' breach of contract claim for these amounts. The question remaining before the Court is whether Plaintiffs are entitled to judgment against New Destination and Lyles on their claims under the DCWPCL and the FLSA by virtue of Defendants' failure to pay them wages under their employment contract. The Court shall therefore analyze the elements of each of these claims.

### A. Claims Under the D.C. Wage Payment and Collection Law

Plaintiffs' first cause of action is for violation of the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* The DCWPCL provides, *inter alia*, that "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer . . . ." D.C. Code § 32-1302. The law defines an employee as "any person suffered or permitted to work by an employer except any person employed in a bona fide executive, administrative, or professional capacity (as such terms are defined and delimited by regulations promulgated by the Council of the District of Columbia)." *Id.* § 32-1301(2). The Court noted in its prior opinion that it was unclear whether Plaintiffs, who are both highly educated professionals, were employed in a bona fide professional capacity, an exempt category under the D.C. Wage Payment and Collection Law.

The D.C. Municipal Regulations provide a five-prong test for determining whether a

person is employed in a bona fide professional capacity. *See* D.C. Mun. Reg. tit. 7, § 999.1. The employee must satisfy all five elements of the test to be determined employed in a bona fide professional capacity. *Id.* The last element of the test is that the employee is "[p]aid on a salary or fee basis at a rate of not less than $170 a week." *Id.* Plaintiffs argue that because their contracts contemplated payment on an hourly basis depending on the work performed, they were not paid on a "salary or fee basis" and therefore were not employed in a bona fide professional capacity. Accordingly, they argue they are not subject to the exemption under the DCWPCL.

        The D.C. Municipal Regulations do not define the terms "salary or fee basis"; however, the regulations state that "[i]nterpretations of the term 'professional capacity' shall be made in accordance with Title 29 Code of Federal Regulations, Part 541, Defining the Terms 'Executive,' 'Administrative,' 'Professional' and 'Outside Salesman.'" *Id.* Federal regulations do define the terms "salary basis" and "fee basis." *See* 29 C.F.R. § 541.602 ("Salary basis"); *id.* § 541.605 ("Fee basis"). Under those definitions, a "salary basis" employee is one who regularly receives a predetermined amount which is not subject to reduction because of variations in the quantity of work performed. *See id.* § 541.602(a). A "fee basis" employee is one who is paid an agreed sum for a single job regardless of the time required for its completion; a "fee" is paid for the kind of job that is unique rather than for a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again. *Id.* § 541.605(a). Based on these definitions, it is clear that Plaintiffs were not employed by New Destination on a salary or fee basis. Accordingly, Plaintiffs were not employed in a bona fide professional capacity and therefore qualify as "employees" subject to the provisions of the D.C. Wage Payment and Collection Law. Therefore, Plaintiffs are entitled to judgment on their DCWPCL claims against

8

New Destination.[2]

  *B.  Claims Under the Fair Labor Standards Act*

  Like the DCWPCL, the FLSA provides a cause of action for employees to sue their employers for unpaid minimum wages or overtime compensation. *See* 29 U.S.C. § 216(b). The FLSA broadly defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The FLSA also contains an exemption for employees employed in a bona fide professional capacity. *See* 29 U.S.C. § 213(a)(1). However, the Court need not determine whether Plaintiffs fall under this exemption because the case law is clear that FLSA exemptions are "affirmative defense[s] on which the employer has the burden of proof." *McKinney v. United Stor-All Centers LLC*, 656 F. Supp. 2d 114, 120 (D.D.C. 2009) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). Defendants did not raise this affirmative defense in their answer, and therefore it is waived. Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."). However, the Court must determine whether Plaintiffs were employees of New Destination as opposed to independent contractors, who are not covered by the statute.

  To determine whether an individual is an employee covered by the statute as opposed to an independent contractor, courts must consider a series of factors involving the plaintiff's relationship to the employer. *See Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10-11 (D.C. Cir. 2001). These factors include whether the employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment

---

[2] Plaintiffs do not seek judgment against Lyles on their DCWPCL claims.

records.  *Id.*  No single factor is dispositive; courts are directed to look at the totality of the circumstances and consider any relevant evidence.  *Id.*  The Court is persuaded that Plaintiffs qualified as employees under this "economic reality" test.  The undisputed facts show that Defendants had the power to hire and fire Plaintiffs; the employment contracts signed by Plaintiffs and Defendants dictated that Plaintiffs' authority would be subject to supervision by the Clinical Director; the rate and method of payment were fixed by the employment contract; and Defendants maintained employment records in the form of time sheets that were filled out by Plaintiffs.  Therefore, the Court finds that Plaintiffs are employees subject to the requirements of the FLSA.  Alternatively, because Defendants failed to file an opposition to Plaintiffs' renewed motion for summary judgment, the Court finds that Defendants have conceded that Plaintiffs are employees covered by the FLSA.

Plaintiffs argue that they are entitled to judgment not only against New Destination but also against Lyles because she exercised "operational control" over New Destination.  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Donovan v. Agnew*, 712 F.2d 1509, 1511 (2d Cir. 1983).  "One who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for purposes of FLSA."  *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995).  In this case, the record shows that Lyles had at least a 50%

ownership stake in New Destination and acted as its primary officer. She made hiring decisions, determined wages, signed contracts, and was responsible for making payments on behalf of the corporation. Accordingly, the Court finds that Lyles qualifies as an "employer" for purposes of the FLSA and may be held liable for failing to pay wages to Plaintiffs.

    C.    *Liquidated Damages*

Having concluded that Defendants are liable for unpaid wages under both the DCWPCL and the FLSA, the Court must now turn to the question of damages. Both the D.C. statute and the FLSA provide for an award of liquidated damages. *See* D.C. Code § 32-1303(4) ("If an employer fails to pay an employee wages earned as required . . ., such employer shall pay, or be additionally liable to, the employee, as liquidated damages, 10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to the unpaid wages, whichever is smaller . . . ."); 29 U.S.C. § 216(b) ("An employer who violates the [FLSA] . . . shall be liable for such legal or equitable relief as may be appropriate . . ., including without limitation employment, reinstatement, promotion, and the payment of wages lost *and an additional equal amount as liquidated damages*.") (emphasis added). An employer may avoid an award of liquidated damages under the FLSA if he can show that he had a reasonable belief that his acts or omissions did not violate the law. *See* 29 U.S.C. § 260. However, Defendants have made no such showing to the Court. Accordingly, the Court finds that it is proper to award liquidated damages. The amount of liquidated damages in this case is the same under the DCWPCL and the FLSA, i.e., the amount of unpaid wages. Accordingly, the Court shall enter judgment against Defendants on the DCWPCL and FLSA claims in the amounts of $31,350.50 for Ruffin and $23,000 for Young.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that New Destination is liable as an employer under the D.C. Wage Payment and Collection Law and under the Fair Labor Standards Act for failing to pay wages to Plaintiffs and that Lyles may also be held liable under the FLSA. Accordingly, the Court shall GRANT Plaintiffs' [35] Renewed Motion for Summary Judgment. The Court shall enter judgment against Defendants for the amount of the actual unpaid wages and an additional equal amount as liquidated damages, totaling $31,350.50 for Plaintiff Ruffin and $23,000 for Plaintiff Young.  An appropriate Order accompanies this Memorandum Opinion.


Date:   August 8, 2011

                                                            /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge